IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC D. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV339 |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN PROPERTY & | ) | MEMORANDUM AND ORDER |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the defendant, Metropolitan Property & Casualty Insurance Company's ("Met" or "defendant") motion in limine (Filing No. 91). Met seeks to exclude "from trial the proffered expert opinions and testimony of Mark Malloy . . . as inadmissible under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and its progeny." (*Id.* at 1). The matter has been fully briefed by the parties. *See* Filing Nos. 92, 97, and 99. After review of the motion, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

On October 17, 2014, the plaintiff, Eric D. Hayes ("plaintiff" or "Hayes"), filed a complaint in the District Court of Sarpy County, Nebraska, alleging breach of contract and bad faith denial/investigation (Filing No. 1, exhibit A). On October

24, 2014, the action was removed from state court under 28 U.S.C. §§ 1441 and 1446 (Filing No. 1). On December 24, 2014, plaintiff filed an amended complaint (Filing No. 15). The plaintiff's claims arise out of a homeowners insurance policy which was issued to the plaintiff by the defendant. On January 24, 2013, the plaintiff's residence, located at 480 South 6th Street, Springfield, Nebraska, was destroyed by a fire (*Id.* at ¶ 6). Plaintiff alleges the "fire was clearly a deliberate act, i.e., arson." (*Id.*) The plaintiff's residence was insured under the Met homeowner's policy at the time of the fire (*Id.* at ¶ 7).

On March 29, 2013, Met advised the plaintiff that it would investigate the plaintiff's claim arising out of the fire (*Id.* at ¶ 11). Between March 29, 2013, until approximately April 17, 2014, the plaintiff claims that he complied with the defendant's investigation. *See* Filing No. 23 at 2, Filing No. 25. On August 5, 2014, the defendant sent a denial letter to the plaintiff, cancelling the policy and enclosing a check for all premiums paid with interest (Filing No. 15 at ¶ 67). The defendant also advised the plaintiff that a check would be delivered to Springfield State Bank for payment of the balance due on the mortgage (*Id.* at ¶ 68).

On February 20, 2015, the Court granted in part, and denied in part, defendant's motion to dismiss (Filing No. 27).

Applying "the statute and Chapter 44 of the Nebraska Revised Statutes as a whole," the Court concluded that plaintiff's breach of contract claim was time barred under the twelve-month limitation period (*Id.* at 6-7).  However, the Court found the twelve-month statute of limitations inapplicable to plaintiff's bad faith tort claim (*Id.* at 7).  Thus, the Court granted defendant's motion to dismiss with respect to plaintiff's breach of contract claim but denied the motion with respect to plaintiff's bad faith claim (*Id.*)

On March 2, 2015, plaintiff filed a notice of an appeal (Filing No. 28), a motion to stay the proceedings pending appeal (Filing No. 29), and a motion to extend time to file his interlocutory appeal (Filing No. 30).  The following day, on March 3, 2015, the Court granted plaintiff's motion to stay the proceedings pending his interlocutory appeal but denied plaintiff's motion to extend time in which to file his appeal (Filing No. 31).  On April 21, 2015, the United States Court of Appeals for the Eighth Circuit dismissed plaintiff's appeal for lack of jurisdiction (Filing No. 44).  Two days later, on April 23, 3015, defendant filed a motion to vacate the Court's stay (Filing No. 45).  The Court granted defendant's motion to vacate the stay the following day (Filing 46).

Defendant filed its answer on April 27, 2015 (Filing No. 47). On May 15, 2015, defendant filed a motion for judgment on the pleadings (Filing No. 49), and plaintiff filed a motion to stay the proceedings pending a request for permission to appeal (Filing No. 51). Plaintiff's second motion to stay alleged that the Eighth Circuit's dismissal for lack of jurisdiction "was based upon the [p]laintiff appealing the [February 20, 2015] Memorandum and Order without any specific requisite finding [from the Court] that the matter could be appealed." (Filing No. 52 at 1). The plaintiff thus sought this Court's "permission to appeal to the Eighth Circuit Court of Appeals or, in the alternative, for the Court to amend its [February 20, 2015] Memorandum and Order . . . to include the required permission or statement allowing appeal . . . ." (*Id.* at 2).

On July 2, 2015, the Court denied both plaintiff's motion to stay and plaintiff's motion for permission to appeal or, in the alternative, for entry of an amended order granting permission to appeal (Filing No. 56). The Court specifically noted that "the Eighth Circuit notified the plaintiff on two occasions that the plaintiff needed to request permission to appeal from the district court . . . plaintiff failed to file a request for permission to appeal. As a result, the Eighth

-4-

Circuit dismissed the plaintiff's appeal for lack of jurisdiction."  (*Id.* at 2) (internal cites omitted).

On July 13, 2015, the Court denied defendant's motion for judgment on the pleadings (Filing No. 57).  On October 27, 2016, defendant filed the instant motion seeking an order to exclude plaintiff's expert's opinions and testimony under Fed. R. Evid. 702 and *Daubert* (Filing No. 91).

**DISCUSSION**

The Court's Third Amended Final Progression Order, issued on October 11, 2016, like each of the previous progression orders, provides for a non-jury trial (Filing No. 90).  Therefore, the Court finds that defendant's motion in limine (*Daubert*) (Filing No. 91) should be denied without prejudice to reassertion at trial.

> "The district court's 'gatekeeping function' under *Daubert* ensures that expert evidence 'submitted to the *jury*' is sufficiently relevant and reliable, *Bonner v. ISP Technologies, Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) (emphasis added), but '[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself,' *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005).  Similar reasons support less stringent application of *Daubert* in bench trials.  *See* Charles Alan Wright, Victor James Gold, 29 Fed. Prac.

-5-

>& Proc. Evid. § 6266, n.90.2 (2010), and cases cited.  The 'usual concerns of the [*Daubert*] rule -- keeping unreliable expert testimony from the jury -- are not present in such a setting.' *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 760 (7th Cir. 2010)."

*City of Lincoln, Neb. v. Windstream Nebraska, Inc.*, No. 4:10CV3030, 2011 WL 7145632, at *1 (D. Neb. Aug. 23, 2011) (quoting *In re Zurn Pex Plumbing Products Liability Litigation* 644 F.3d 604, 613 (8th Cir.2011)).  *See also Penske Truck Leasing Co., L.P. v. Rion, LLC*, No. 8:07CV294, 2008 WL 4540178, at *2 (D. Neb. Oct. 7, 2008); *S.E.C. v. Guenthner*, 395 F. Supp. 2d 835, 843 n.3 (D. Neb. 2005).  Therefore, defendant's motion will be denied without prejudice at this time.  Accordingly,

IT IS ORDERED that defendant's motion in limine to exclude the expert testimony of Mark Malloy is denied without prejudice.  Defendant will be permitted to renew its motion at trial.

DATED this 16th day of December, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court