IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC D. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV339 |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN PROPERTY & | ) | MEMORANDUM AND ORDER |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on two motions filed by the defendant, Metropolitan Property & Casualty Insurance Company ("Met" or "defendant"). Met moves for summary judgment (Filing No. 103) and to strike (Filing No. 113) selected portions of the plaintiff, Eric D. Hayes' ("plaintiff" or "Hayes") index of evidence (Filing No. 110). The summary judgment matter has been fully briefed by the parties. *See* Filing Nos. 104, 109, and 115. Along with its motion to strike (Filing No. 113), defendant has submitted a brief in support (Filing No. 114) and plaintiff has filed a brief in opposition (Filing No. 116). Defendant has failed to timely file a reply brief. *See* NECivR 7.1(c) (providing reply briefs to be filed "within 7 days after the opposing party files and serves the opposing brief"). Accordingly, both these matters are ready for disposition. After

review of the motions, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

On October 17, 2014, plaintiff filed a complaint in the District Court of Sarpy County, Nebraska, alleging breach of contract and bad faith denial/investigation (Filing No. 1-1). On October 31, 2014, the action was removed from state court under 28 U.S.C. §§ 1441 and 1446 (Filing No. 1). On December 24, 2014, plaintiff filed an amended complaint (Filing No. 15). Plaintiff's claims arise out of a homeowners insurance policy which was issued to plaintiff by defendant. On January 24, 2013, plaintiff's residence, located at 480 South 6th Street, Springfield, Nebraska, was destroyed by a fire (*Id.* at ¶ 6). At the time of the fire, plaintiff's residence was insured under the policy issued by Met (*Id.* at ¶ 7).

On March 29, 2013, Met advised plaintiff that it would investigate the claim arising out of the fire (*Id.* at ¶ 11). Between March 29, 2013, until approximately April 17, 2014, plaintiff claims that he fully complied with defendant's investigation. *See* Filing No. 23 at 2, Filing No. 25. On August 5, 2014, defendant sent what plaintiff terms as a "denial letter" to plaintiff, cancelling the policy and enclosing a check for all premiums paid with interest (Filing No. 15 at ¶ 67). Defendant

-2-

also advised plaintiff that a check would be delivered to Springfield State Bank for payment of the balance due on the mortgage (*Id.* at ¶ 68). Defendant claims it had the right to void the policy *ab initio* due to plaintiff's "material misrepresentations" in his policy application (Filing No. 47 at ¶¶ 33-35). Specifically, defendant contends plaintiff's failure "to disclose the commercial use of the residence" (*Id.* at ¶ 33), and the fact that plaintiff "was renting out the [r]esidence to tenants," (Filing No. 104 at 4) allowed for a proper rescission and avoidance of the policy.

On February 20, 2015, the Court granted in part, and denied in part, defendant's motion to dismiss (Filing No. 27). Applying Neb. Rev. Stat. §§ 44-357 and 44-501 "and Chapter 44 of the Nebraska Revised Statutes as a whole," the Court concluded that plaintiff's breach of contract claim was time barred under a twelve-month limitation period (*Id.* at 5-7). However, the Court found a twelve-month limitation period inapplicable to plaintiff's bad faith tort claim (*Id.* at 7). Thus, the Court granted defendant's motion to dismiss with respect to plaintiff's breach of contract claim but denied the motion with respect to plaintiff's bad faith claim (*Id.* at 7-8).

On March 2, 2015, plaintiff filed a notice of appeal (Filing No. 28), a motion to stay the proceedings pending appeal

(Filing No. 29), and a motion to extend time to file his interlocutory appeal (Filing No. 30). The following day, on March 3, 2015, the Court granted plaintiff's motion to stay the proceedings pending his interlocutory appeal but denied plaintiff's motion to extend time in which to file his appeal (Filing No. 31). On April 21, 2015, the United States Court of Appeals for the Eighth Circuit dismissed plaintiff's appeal for lack of jurisdiction (Filing No. 44). Two days later, on April 23, 2015, defendant filed a motion to vacate the Court's stay (Filing No. 45). The Court granted defendant's motion to vacate the stay the following day (Filing No. 46).

Defendant filed its answer on April 27, 2015 (Filing No. 47). On May 15, 2015, defendant filed a motion for judgment on the pleadings (Filing No. 49), and plaintiff filed a motion to stay the proceedings pending a request for permission to appeal (Filing No. 51). Plaintiff's second motion to stay alleged that the Eighth Circuit's dismissal for lack of jurisdiction "was based upon the [p]laintiff appealing the [February 20, 2015] Memorandum and Order without any specific requisite finding [from this Court] that the matter could be appealed." (Filing No. 52 at 1). The plaintiff thus sought the Court's "permission to appeal to the Eighth Circuit Court of Appeals or, in the alternative, for the Court to amend its [February 20, 2015]

-4-

Memorandum and Order . . . to include the required permission or statement allowing the appeal . . . ." (*Id.* at 2).

On July 2, 2015, the Court denied both plaintiff's motion to stay and plaintiff's motion for permission to appeal or, in the alternative, for entry of an amended order granting permission to appeal (Filing No. 56). The Court specifically stated that "the Eighth Circuit notified the plaintiff on two occasions that the plaintiff needed to request permission to appeal from the district court . . . plaintiff failed to file a request for permission to appeal. As a result, the Eighth Circuit dismissed the plaintiff's appeal for lack of jurisdiction." (*Id.* at 2) (internal cites omitted).

On July 13, 2015, the Court denied defendant's motion for judgment on the pleadings (Filing No. 57). On October 27, 2016, defendant filed a motion seeking an order to exclude plaintiff's expert's opinions and testimony under Fed. R. Evid. 702 and *Daubert* (Filing No. 91). On December 16, 2016, the Court denied, without prejudice, defendant's motion in limine (Filing No. 102).

On January 20, 2017, defendant moved for summary judgment (Filing No. 103). The defendant asks this Court to enter summary judgment on plaintiff's remaining bad faith claim arguing that "[p]laintiff has failed to offer any genuine

-5-

evidence to overcome Met's showing that the [p]olicy was voided *ab initio* and was not cancelled." (Filing No. 115 at 9). Therefore, defendant contends that "the undisputed material facts conclusively establish [that] the [p]olicy was voided from its inception [and therefore] no duty of good faith arose as between the parties." (*Id.*).

On March 8, 2017, defendant moved to strike portions of plaintiff's index of evidence in support of his opposition to summary judgment (Filing No. 110). (Filing No. 113). Defendant requests that "paragraphs 2 and 3 of the Jolly Affidavit, along with Exhibit "B" thereto" be stricken. (Filing No. 114 at 3). Defendant argues paragraph 2 and Exhibit "B" are inadmissible under Rule 408 of the Federal Rules of Evidence (*Id.* at 2). Defendant also contends that paragraph 3 "contains an improperly supported assertion of fact concerning Exhibit 'C' . . . ." (*Id.*).

**SUMMARY JUDGMENT STANDARD**

Summary judgment is only proper when the Court determines the evidence "show[s] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Semple v. Federal Exp. Corp.*, 566 F.3d 788, 791 (8th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). The evidence must be viewed in the light

most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). At the summary judgment stage, it is not the function of the Court to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**DISCUSSION**

As discussed more fully below, the Court finds the existence of genuine disputes as to material facts prevent granting defendant's motion for summary judgment. In addition, the Court finds that defendant's motion to strike should be denied.

**I. Defendant's Motion to Strike**

Defendant moves to strike paragraphs 2 and 3 of the Jolly Affidavit and Exhibit B attached thereto (Filing No. 113). Defendant argues that Federal Rule of Evidence 408 precludes the admissibility of paragraph 2 and Exhibit B (Filing No. 114 at 2). Defendant also argues that paragraph 3 of the Jolly Affidavit "contains an improperly supported assertion of fact concerning Exhibit 'C' thereto . . . ." (*Id.*).

Plaintiff counters that defendant has waived its objection to paragraph 2 and Exhibit B "[b]y stating that the evidence exists and by stipulating that such evidence is an undisputed fact . . . ." (Filing No. 116 at 1). Plaintiff also argues the application of Rule 408 does not bar paragraph 2 or Exhibit B (*Id.* at 2). Finally, plaintiff contends that paragraph 3 of the Jolly Affidavit should not be stricken because defendant has admitted plaintiff's assertion in its answer (*Id.* at 3).

Under Fed. R. Civ. P. 56(c)(4) "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Despite defendant's contentions to the contrary, the Court finds that plaintiff has carried his burden to show, for purposes of summary judgment review, that the paragraphs and exhibit sought to be stricken are admissible and not improper under Fed. R. Civ. P. 56. Accordingly, defendant's motion to strike will be denied in its entirety.

**II. Defendant's Motion for Summary Judgment**

Even if the Court were to conclude that paragraphs 2 and 3 of the Jolly Affidavit and Exhibit B thereto should be stricken, the Court's analysis and decision as to defendant's

-8-

motion for summary judgment would not be altered. The Court finds that genuine disputes as to material facts exist. The Court will therefore, deny defendant's motion for summary judgment.

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1441. Neither party disputes that Nebraska law ought to apply. *See* Filing No. 104 at 14 *and* Filing No. 109 at 21 (citing Nebraska state law). Therefore, Nebraska law controls. *See Nat'l Ind. Truckers Ins. Co. v. Gadway*, 860 F. Supp. 2d 946, 950 n.2 (D. Neb. 2012) ("when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits.") (citing *BBSerCo, Inc. v. Metrix Co.*, 324 F.3d 955, 960 n.3 (8th Cir. 2003)).

Under Nebraska law, in order for a plaintiff to prove a bad faith claim, two elements must be established: (1) that there was no reasonable basis for denying the claim; and (2) that the insurer knew of, or recklessly disregarded, the lack of a reasonable basis for denying the claim. *Bailey v. Farmers Union Co-op. Ins. Co. of Nebraska*, 498 N.W.2d 591, 599 (Neb. 1992) (internal citations omitted). Defendant argues that "[p]laintiff's bad faith claim rests upon the erroneous allegation that the property claim he submitted to Met was

*denied.*" (Filing No. 104 at 14) (emphasis in original). Defendant insists that plaintiff's insurance claim was never denied (*Id.*). Instead, defendant alleges plaintiff's policy was voided *ab initio* (*Id.*). Therefore, because no denial was made by Met, and the contract was voided, no enforceable contract existed between the parties and Met owed no duty of good faith to plaintiff (*Id.*). Defendant contends that the evidence conclusively establishes that plaintiff's material misrepresentations with respect to his business operations on the property and the renting of the property provide Met justification for voiding the policy (*Id.*). Specifically, Met's brief in support of summary judgment provides:

> Met's determination to void the policy was made under the clear and unambiguous terms of the [p]olicy and Nebraska law taking into consideration all of the facts developed during investigation. The misrepresentation made by [p]laintiff in the [a]pplication for the [p]olicy was material, made with the intent to deceive, was relied on by Met . . . and Met was deceived to their injury.

(*Id.* at 20).

The Court finds a number of faults with defendant's analysis. More importantly, the Court finds that defendant has failed to carry its burden to show the absence of genuine

-10-

disputes of material facts.  With respect to material misrepresentations, the policy[1] provides:

> Concealment or Fraud.
> If any person defined as you conceals or misrepresents any material fact or circumstance or makes any material false statement or engages in fraudulent conduct affecting any matter relating to this insurance or any loss for which coverage is sought, whether before or after a loss, no coverage is provided under this policy to any person defined as you.

(Filing No. 15 at 51).

The Nebraska Supreme Court has held that if an insurer wishes to avoid liability on the basis of an insured's misrepresentation, an insurer "must plead and prove (1) that the misrepresentation was made knowingly and with intent to deceive, (2) that the insurer relied and acted upon such statement, and (3) that the insurer was deceived to its injury."  *Lowry v. State Farm Mut. Auto. Ins. Co.*, 421 N.W.2d 775, 778 (Neb. 1988) (internal citations omitted).  The Court cannot say at this time that defendant has sufficiently pleaded and proved each of these elements as a matter of law.

---

[1] Although the Court cites to the policy and the policy application in its analysis of defendant's motion for summary judgment against plaintiff's bad faith claim, nothing within this Memorandum and Order should or ought to be construed by the parties as a revival of plaintiff's breach of contract claim.

With respect to the first element that Met must establish in order to show it could legally void the policy -- and thus provide a reasonable basis for denying plaintiff's claim -- the Court finds that genuine disputes of material facts exist. This prevents the Court from concluding, as a matter of law, that plaintiff's "misrepresentations" were made knowingly and with the intent to deceive. Defendant relies on plaintiff's use of the insured property for his plumbing business and the fact that plaintiff rented out part of the house as the basis for its misrepresentation defense. *See* Filing No. 104 at 15-19. Met claims that these misrepresentations allow it to legally void the policy. However, a close examination of the facts and events giving rise to policy's issuance necessitate determinations to be made by the finder of fact.

The application for the insurance policy is a standard, printed, fill-in form produced by Agent Resource Site (Filing No. 110-1 at 4-7, Exhibit A). Defendant concedes that the application was not filled out by plaintiff, but the insurance agency, One Way Insurance. *See* Filing No. 115 at 2. Under a section entitled "General Information," the application asks if there is "[a]ny farming or other business conducted on premises? (Including day/child care)." (Filing No. 110-1 at 5). The box indicating "NO" to that answer is marked with a computer-printed

"X" (*Id.*).  The application also contains a question that asks "Is the residence held exclusively for rental?"  (*Id.* at 6).  The line next to the "N" instead of the "Y" is marked with a computer-printed "X" (*Id.*).

Plaintiff contends that "there are disputed facts as to whether Hayes' answers [to the above mentioned questions] were untrue in light of his understanding of the questions."  (Filing No. 109 at 21).  Specifically, plaintiff argues that "[w]hile it is undisputed that Hayes utilized his [unattached] garage for business purposes . . . it is disputed whether such use constitutes a material misrepresentation on the insurance application . . . due to the fact that the 'premises' referenced . . . was referring to the house in which coverage was sought by Hayes . . . ."  (*Id.* at 22).  In addition, plaintiff argues "[i]t is undisputed . . . that Hayes occasionally had tenants that rented out a portion of the residence . . . [but] [i]t is also undisputed that the residence was not used *exclusively* for rental . . . [therefore] Hayes did not make a material misrepresentation when he answered 'no' to such an inquiry on the application."  (*Id.*) (emphasis added).  Plaintiff thus contends that "[b]ecause Hayes only used a separately insured unattached garage for business purposes and because his residence was not used exclusively for rental, Hayes did not *intentionally* make

-13-

misrepresentations in order to deceive Met." (*Id.*) (emphasis added).

Given that plaintiff did not personally fill out the insurance policy application, taken in conjunction with plaintiff's aforementioned contentions supported by his affidavit, and viewing the evidence in the light most favorable to Hayes; the Court cannot conclude as a matter of law that defendant has sufficiently satisfied its burden of proving the first element of its misrepresentation defense. Defendant's failure to sufficiently plead and prove its ability to void the policy under Nebraska law as provided in *Lowry*, leads to the conclusion that genuine disputes of material facts exist as to whether Met had any reasonable basis for denying plaintiff's claim. *See Lowry*, 421 N.W.2d at 778. Such determinations must be left up to the finder of fact. Therefore, defendant's motion for summary judgment will be denied. Accordingly,

IT IS ORDERED:

1) Defendant's motion to strike is denied.

2) Defendant's motion for summary judgment is denied.

DATED this 30th day of March, 2017.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court