**FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA**

APR 1 3 2017

**OFFICE OF THE CLERK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC D. HAYES, | ) | CASE NO. 8:14-cv-00339 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON** |
| v. | ) | **FINAL PRETRIAL** |
| | ) | **CONFERENCE** |
| METROPOLITAN PROPERTY & | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

A final pretrial conference was held on the 11th day of April 2017. Appearing for the

parties as counsel were:

For Plaintiff:
C.G. (Dooley) Jolly, #21275
Patrick J. Sullivan, #20303
Adams & Sullivan, PC, LLO
1246 Golden Gate Dr., Suite 1
Papillion, NE 68046-2843
(402) 339-9550  Fax (402) 339-0401
Jolly@adamsandsullivan.com
sullivan@adamsandsullivan.com

For Defendant:
Michael L. Moran, #24042
Dan H. Ketcham, #18930
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
Omaha, Nebraska 68102
(402) 348-0900  Fax (402) 348-0904

**(A)** **Exhibits.** See attached Joint Exhibit List.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1.  Plaintiff, Eric D. Hayes ("Hayes") was at all material times a resident of Springfield, Sarpy County, Nebraska.

2.  Defendant, Metropolitan Property and Casualty Insurance Company ("Met") is an insurance company licensed to transact business in the State of Nebraska.

3.  On or about October 25, 2007, a Homeowner Application for a Homeowners Insurance Policy No. 8205839250 to insure property located at 480 South 6 Street, Springfield, Nebraska ("insured property") was completed.

4.  On January 24, 2013, the residence was destroyed by fire.

5.  At the time of the fire the insured property was insured under MetLife Auto & Home Homeowners Insurance Policy (Policy No. 8205839250) with policy period November 17, 2012 to November 17, 2013 ("the Policy").

6.  On August 5, 2014, Engles, on behalf of Met, sent to Plaintiff's counsel a letter stating that Met was voiding the Policy ab initio based on Plaintiff's material misrepresentation in the insurance Application and that Met would pay the Springfield State Bank the balance of the mortgage note for the Residence.

7.  Met issued a check to Plaintiff for $16,665.65 representing the return of all premiums paid with interest. Such check was not accepted by Plaintiff.

8.  Plaintiff filed this action on October 17, 2014.

**(C)** **Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

## PLAINTIFF'S CONTROVERTED AND UNRESOLVED ISSUES

1. Whether Defendant engaged in bad faith investigation, and/or handling of the Plaintiff's claim.
2. Whether Defendant had a reasonable basis to deny Plaintiff his benefits under the policy.
3. The amount of Plaintiff's recovery including pre-judgment interests and attorney's fees.

## DEFENDANT'S CONTROVERTED AND UNRESOLVED ISSUES

1. Whether rescission of an insurance policy voids the contractual relationship between an insurer and its insured.
2. Whether the covenants of good faith and fair dealing are dependent on the existence of a contractual relationship between and insurer and a claimant.
3. Whether a claim for bad faith against an insurance carrier can exist in the absence of an insurance contract (i.e. policy) between the insurer and the one claiming bad faith.
4. Whether Defendant's rescission of the policy precludes Plaintiff from proving bad faith.

If the Court concludes that a claim for bad faith can exist in the absence of a contractual relationship, the following issues are also controverted and unresolved:

1. Whether a claimant's claim under an insurance policy can be "denied" when the policy was voided.
2. Whether there is any claim under an insurance policy when the policy was voided from inception.
3. Whether the doctrine of unclean hands bars Plaintiff's contention that the claims investigation was unnecessarily prolonged when he routinely failed to provide information when requested.
4. Whether Plaintiff's delay in providing requested information to assist in the claims investigation contributed to the length of the investigation.
5. Whether specific information developed in Met's investigation provided a reasonable basis that Plaintiff fraudulently caused or contributed to the loss.

6. Whether information developed in Met's investigation provided a reasonable basis to continue investigating.

7. The nature and extent of Plaintiff's recoverable damages under Nebraska law for the claim pled.

[List all legal issues remaining to be determined, setting out in detail each element of the claim or defense which is genuinely controverted (including issues on the merits and issues of jurisdiction, venue, joinder, validity of appointment of a representative of a party, class action, substitution of parties, attorney's fee and applicable law under which it is claimed, and prejudgment interest). Specify any special damages or permanent injuries claimed. In any negligence action, specify elements of negligence and contributory negligence, if any. Any other unresolved matters requiring the court's attention, such as possible consolidation for trial, bifurcated trials on specified issues, and pending motions, shall also be listed.]

**(D) Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Eric D. Hayes

2. Roger Fauke

3. Andrea Aukamp

4. Bill Dillon
   Dillon Construction
   20104 Crestview Drive
   Springfield, NE 68059

5. American Fence Company Custodian
   15225 Industrial Road
   Omaha, NE 68144

6. Heimes Corp. Records Custodian
   9144 South 147 Street
   Omaha, NE 68138

7. Justin Goldman
   Goldman Construction
   435 Vine Street
   Springfield, NE 68059

8. Mark Malloy

Meissner Tierney, Fisher & Nichols, PC
The Milwaukee Center
111 East Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202

9. Any witness identified by Defendant

10. Any witness necessary for impeachment and/or rebuttal purposes

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Plaintiff, Eric D. Hayes, if necessary.
   Address unknown

2. Roger Fauke, if necessary
   700 Quaker Lane
   Warick, RI 02886

3. Andrea Aukamp
   700 Quaker Lane
   Warick, RI 02886

4. Dan Reist, if necessary
   700 Quaker Lane
   Warick, RI 02886

5. Mel Kessler, if necessary
   1102 Fort Crook Road South
   Bellevue, NE 68005

6. Mark Pollack
   P.O. Box 45058
   Little Rock, AR 72214

7. Any witness identified by Plaintiff

8. Any witness necessary for impeachment

9. Any witness necessary for rebuttal

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit

for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E)      Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are:

[Set out the qualifications of each person expected to be called as an expert witness. A curriculum vitae or resume may be attached in lieu of setting out the qualifications.]

Experts to be called by Plaintiff and their qualifications are:

*   **Mark D. Malloy**
    **111 East Kilbourn Avenue, 19th Floor**
    **Milwaukee, WI 53202**
    **(414) 273-1300**
    **See attached Resume**

Experts to be called by Defendant and their qualifications are:

*   **Mark Pollack**
    **P.O. Box 45058**
    **Little Rock, AR 72214**
    **(501) 228-0900**
    **See attached Resume**

**(F)      Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

Not applicable.

**(G)      Number of Jurors.** Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of _____ members.

Not applicable.

**(H)      Verdict.** The parties [will] [will not] stipulate to a less-than-unanimous verdict. (If applicable), the parties' stipulation is: _____.

Not applicable.

**(I)**     **Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the deadline should be 4-13-17 for filing trial briefs and proposed findings of fact. Further, the parties are in agreement that designations of deposition testimony should be exchanged by 4-14-17 with objections to the same exchanged by 4-18-17. The Joint Exhibit List with objections is to be submitted by 5:00 p.m. on April 13, 2017.

**(J)**     **Length of Trial.** Counsel estimate the length of trial will consume not less than 3 day(s), not more than 4 day(s), and probably about 4 day(s).

**(K)**     **Trial Date.** Trial is set for April 18, 2017.

ERIC D. HAYES, Plaintiff,

By:     /s/ C.G. "Dooley" Jolly
C.G. (Dooley) Jolly, #21275
Patrick J. Sullivan, #20303
Adams & Sullivan, PC, LLO
1246 Golden Gate Drive, Suite 1
Papillion, Nebraska 68046-2843
(402) 339-9550  Fax (402) 339-0401
Attorneys for Plaintiff

METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, Defendant,

BY:    s/ Michael L. Moran
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
Omaha, Nebraska 68102
(402) 348-0900  Fax (402) 348-0904
Dan H. Ketcham, #18930
dketcham@ekoklaw.com
Michael L. Moran, #24042
mmoran@ekoklaw.com

BY THE COURT:

4/13/17
9. S. MAGJUDGE