# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC D. HAYES,<br><br>      Plaintiff,<br><br>vs.<br><br>METROPOLITAN PROPERTY &<br>CASUALTY INSURANCE COMPANY,<br><br>      Defendant. | 8:14CV339<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on three motions. Plaintiff, Eric D. Hayes has moved for attorney's fees and costs (ECF No. 137). Defendant Metropolitan Property and Casualty Insurance Company (Met) has moved under Federal Rules of Civil Procedure 52(b) and 59(e) to alter or amend the Court's Findings of Fact, Conclusions of Law, and Judgment (ECF No. 140), and to stay the judgment and taxation of costs (ECF No. 142). For the reasons discussed below, Met's motions will be denied, and Hayes's motion will be granted in part.

## Background

Hayes's home was destroyed by fire. Met investigated the fire as Hayes's homeowner's insurance carrier, and ultimately decided to void the homeowner's insurance policy *ab initio,* after the expiration of the limitations period in the policy. Hayes's breach-of-contract claim was dismissed as untimely due to the twelve-month limitations period in the policy, and his bad-faith claim proceeded to trial before this Court, without a jury. The Court issued its Findings of Fact and Conclusions of law on June 12, 2017 (ECF No. 132). On the same day, the Court entered judgment for Hayes

in the amount of $493,455.00, plus attorney's fees (ECF No. 133). On June 21, 2017, Hayes moved for attorney's fees and costs (ECF No. 137). On July 5, 2017, Met moved to amend the Court's Findings of Fact, Conclusions of Law, and Judgment (ECF No. 140), and to stay the judgment and taxation of costs (ECF No. 142). On July 13, 2017, the Clerk of the Court taxed costs against Met in the amount of $2,115.44 (ECF No. 146.)

## STANDARDS OF REVIEW

**Motions to Alter or Amend**

Federal Rule of Civil Procedure 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). Rule 52(b)'s "purpose is to permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court. Under the rule, the trial court is the first recourse for the correction of errors." *National Metal Finishing Co., Inc. v. BarclaysAmerican/Commerical, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

Rule 59(e) allows for motions to alter or amend judgments. Fed. R. Civ. P. 59(e). The United States Supreme Court has stated that like Rule 52(b), Rule 59(e) "was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Emp. Sec.*, 455 U.S. 445, 450, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). Some courts distinguish motions under Rule 52(b) from motions under Rule 59(e) by the relief sought. *See, e.g., Sherman v. Kasotakis*, 314 F. Supp. 2d 843, 877

2

(N.D. Iowa 2004) (stating when the crux of the party's motion "appears to revolve around the correctness, or completeness, of the judgment rather than a plea . . . to make additional findings . . ." the motion ought to be brought pursuant to Rule 59(e)) (citing *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (additional citations omitted)). District courts have broad discretion in their determinations of whether to grant or deny Rule 59(e) motions. These motions "serve the limited function of correcting manifest errors of law or fact . . . ." *Lowry ex rel. Crow v. Watson Chapel School Dist.*, 540 F.3d 752, 761 (8th Cir. 2008) (internal citation omitted).

**Attorney Fees**

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). "The district court should then take account of other considerations that may lead [it] to adjust the fee upward or downward, including the important factor of the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotations omitted). "In considering how the 'results obtained' should affect attorney's fees, courts are to consider two questions. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? Claims are related, and hence deserving of compensation, if they involve a common core of facts or are based on related legal theories." *Dindinger v. Allsteel*, 853 F.3d 414, 429 (8th Cir. 2017), quoting *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001), and *Hensley*, 461 U.S. at 435 (internal quotations omitted).

"An award of attorney fees involves consideration of such factors as the nature of the case, the services performed and results obtained, the length of time required for preparation and presentation of the case, the customary charges of the bar, and general equities of the case." *ACI Worldwide Corp. v. Baldwin, Hackett & Meeks, Inc.*, 896 N.W.2d 156, 198 (Neb. 2017), citing *Sitz v. Sitz*, 275 Neb. 832, 749 N.W.2d 470 (2008).

## DISCUSSION

Neb. Rev. Stat. § 44-359 allows a successful plaintiff to recover attorney's fees when the plaintiff "brings an action upon any type of insurance policy." In the Court's Findings of Fact and Conclusions of Law, the Court stated that "pursuant to Neb. Rev. Stat. § 44-359, and in accordance with the Nebraska Supreme Court's rationale for providing economic damages when an insurer is found to have acted in bad faith, as outlined in *Ruwe*, Hayes should be awarded reasonable attorney's fees." (ECF No. 132 at 13-14, citing *Ruwe v. Farmers Mut. United Ins. Co., Inc.*, 469 N.W.2d 129, 135 (Neb. 1991).)

The Nebraska Supreme Court has not made an explicit determination as to whether a plaintiff is entitled to an award of attorney's fees if the plaintiff succeeds on a bad-faith claim against an insurer, but not on a breach-of-contract claim. In *Rod Rehm, P.C. v. Tamarack Amer.*, the Nebraska Supreme Court held that "an insurance policy beneficiary who successfully sues his or her insurance company is entitled to a reasonable attorney fee . . . ." 623 N.W.2d 690, 700 (Neb. 2001). Nothing in the Nebraska Supreme Court's holding required the successful beneficiary to succeed in a breach-of-contract claim in order to recover attorney's fees. In *Hemenway v. MFA Life*

4

*Ins. Co.*, 318 N.W.2d 70, 76 (Neb. 1982), the Nebraska Supreme Court stated "the form of the action is not controlling."

This Court is mindful of the Eighth Circuit's analysis in *Lienemann v. State Farm Mut. Auto Fire & Cas. Co.*, 540 F.2d 333 (8th Cir. 1976), finding the attorney fee provision in Neb. Rev. Stat. § 44-359 inapplicable in a tort-based action where a plaintiff was seeking damages based on the insurance company's bad-faith conduct resulting in a judgment against the insured in excess of policy limits. The Eighth Circuit noted that the plaintiff's judgment was unrelated to any covenant in the policy. *Id.* at 342.

Here, while Hayes did not prevail in a contract action, he prevailed in a tort action directly related to Met's obligations under the policy. His damages were calculated pursuant to the policy's provisions that defined Met's duties for purposes of the tort. Therefore, his action was *upon* the policy, although not brought in contract. This Court concludes that the Nebraska Supreme Court most likely would determine that Hayes's claim for attorney fees falls within the scope and purpose of Neb. Rev. Stat. § 44-359.

Having determined that Hayes is entitled to his reasonable attorney's fees, the Court takes up the issue of the amount.

Hayes requests attorney fees totaling $135,505.50, as well as taxable and non-taxable costs. His counsel, C.G. Jolly, submitted an affidavit, ECF No. 139, noting that the fee arrangement was a "'Blended Fee Agreement'" (*id.* at 1), adjusted from a straight hourly fee arrangement due to Hayes's inability to pay fees in a timely manner. "Fees under the Blended Fee Agreement, in relevant part, are as follows: *A. Hourly*

*Rate: $250.00 applied retroactively, from and after November 1, 2013; plus B. 10% of any amount recovered up to $499,999.99….*" (*Id.* at 2.)[1]

The Court concludes that the hourly rates charged by Jolly and his associates, and the time they expended on the case, as reflected in Jolly's detailed affidavit, both were reasonable. While Hayes did not succeed on his contract action, he did succeeded on his bad-faith claim. Both claims involved a common core of facts and related legal theories, and Hayes would not have been permitted recovery of duplicate damages under both theories. Accordingly, the Court will not reduce the number of hours claimed, nor the hourly rates.

With respect to Hayes's request for non-taxable costs, including expert witness fees, the Nebraska Supreme Court has stated that "expert witness fees and other items of expense . . . which are not taxable as court costs [are] not recoverable under § 44–359." *Young v. Midwest Family Mut. Ins. Co.*, 753 N.W.2d 778, 784 (Neb. 2008). Accordingly, Hayes's request for non-taxable costs will be denied.

With respect to Hayes's request for the contingency fee of ten percent of the judgment, the Nebraska Supreme Court has stated: "The allowance of a reasonable attorney's fee under section 44-359, R.R.S. 1943, has no relation to the fee contracted for on a contingency basis. The contingent fee involves risks that are not pertinent to a reasonable attorney's fee for services rendered." *Ruby Coop. Co. v. Farmers Elevator Mut. Ins. Co.*, 250 N.W.2d 239, 243 (Neb. 1977).

---

[1] Jolly notes that he began representing Hayes in April 2013, and was paid by Hayes on an hourly basis for "about 5 months." ECF No. 139 at 1. Yet the application for attorney fees does not appear to request any award of fees for work performed before November 19, 2013.

6

Having considered the nature of the case, the services performed and results obtained, the length of time required for preparation and presentation of the case, the customary charges of the bar, and general equities of the case, the Court concludes that the lodestar calculation of the fee is most appropriate. The Court will deny Hayes's request for an additional attorney's fee award of ten percent of the amount of the judgment, and will award Hayes $86,160.00 in attorney's fees.

IT IS ORDERED:

1. Plaintiff Eric D. Hayes's motion for attorney's fees, ECF No. 137, is granted in part as follows:

> Attorney's fees are awarded to Plaintiff Eric D. Hayes in the amount of $86,160.00; and

the motion is otherwise denied;

2. Defendant Metropolitan Property & Casualty's motion to amend the Court's Findings of Fact and Conclusions of Law and/or Judgment, ECF No. 140, is denied; and

3. Defendant Metropolitan Property & Casualty's motion to stay the Judgment and taxation of costs, ECF No. 142, is denied.

Dated this 31st day of August, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge